IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

PPG INDUSTRIES, INC.,

      Plaintiff,                                05cv1193

v.                                          ELECTRONICALLY FILED

CENTRAL INDUSTRIAL
MAINTENANCE, INC., et al.

      Defendants.

## ORDER OF COURT

Currently before the Court in this indemnity action is a motion to dismiss filed by defendant Central Industrial Maintenance, Inc. (doc. no. 10).

In deciding a motion to dismiss pursuant to Fed.R.Civ.P. Rule 12(b)(6), the Court accepts the well-pleaded factual allegations of the complaint as true, and draws all reasonable inferences therefrom in favor of the plaintiff. *Armstrong Surgical Center, Inc. v. Armstrong County Memorial Hospital*, 185 F.3d 154, 155 (3d Cir. 1999). A claim should not be dismissed for failure to state a claim unless it appears beyond a doubt that the non-moving party can prove no set of facts in support of its allegations which would entitle it to relief. *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957); *Marshall-Silver Construction Co. v. Mendel*, 894 F.2d 593, 595 (3d Cir. 1990).

In making this determination, the court must construe the pleading in the light most favorable to the non-moving party. *Budinsky v. Pennsylvania Dept. of Environmental Resources*, 819 F.2d 418, 421 (3d Cir. 1987). Further, the Federal Rules of Civil Procedure require notice pleading, not fact pleading, so to withstand a Rule 12(b)(6) motion, the plaintiff "need only make out a claim upon which relief can be granted. If more facts are necessary to resolve or clarify the

disputed issues, the parties may avail themselves of the civil discovery mechanisms under the Federal Rules." *Alston v. Parker*, 363 F.3d 229, 233 n.6 (3d Cir. 2004), *quoting Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506, 512 (2002) ("This simplified notice pleading standard relies on liberal discovery rules . . . to define facts and issues and to dispose of unmeritorious claims.").

Viewed in light of the forgoing liberal pleading standards, this Court simply cannot say, at this early stage of the proceedings, that plaintiff will be able to state no set of facts in support of its claims at Counts I and II of the Complaint. Accordingly,

**AND NOW, this 8th day of December, 2005,** after due consideration of defendant's motion to dismiss the complaint, plaintiff's response thereto, and the memoranda of law in support and in opposition thereto,

**IT IS HEREBY ORDERED** that said motion to dismiss (document no. 10) **IS DENIED** without prejudice to defendant's raising the issues set forth therein in a motion for summary judgment at the appropriate time following discovery.

SO ORDERED this 8th day of December, 2005.

s/Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc:   All counsel of record as listed below

Thomas M. Parker, Esquire
Andrew T. Hayes, Esquire
Parker, Keiby, Hanna & Rasnick
388 S. Main Street, Suite 402
Akron, OH 44311

Michael J. Sweeney, Esquire
Dickie, McCamey & Chilcote, P.C.
Two PPG Place, Suite 400
Pittsburgh, PA 15222-5402

Christopher T. Yoskosky, Esquire
Dara A. DeCourcy, Esquire
Zimmer Kunz
600 Grant Street
3300 USX Tower
Pittsburgh, PA 15219

Mark R. Lane, Esquire
Dell, Moser, Lane & Loughney
525 William Penn Place
Suite 3700
Pittsburgh, PA 15219-1707