IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

PPG INDUSTRIES, INC.,
    Plaintiff,                                                 05cv1193
       v.                                                  ELECTRONICALLY FILED

CENTRAL INDUSTRIAL
MAINTENANCE, INC., and
WESTFIELD INSURANCE COMPANY
    Defendants.

_____

WESTFIELD INSURANCE COMPANY,
    Counter/ Cross Claims Plaintiff,

      v.

PPG INDUSTRIES, INC., and
CENTRAL INDUSTRIAL
MAINTENANCE, INC.,
    Counter/ Cross Claims Defendants

_____

CENTRAL INDUSTRIAL MAINTENANCE, INC. ,
    Third Party Plaintiff

      v.

ACORDIA OF WEST VIRGINIA, INC.
a West Virginia Corporation,
ACORDIA OF WEST VIRGINIA, INC.
*doing business as* ACORDIA SPECIALTY,
ACORDIA OF WEST VIRGINIA, INC. ,
*doing business as* ACORDIA MID-ATLANTIC SPECIALTY, and
ZURICH AMERICAN INSURANCE COMPANY,
    Third Party Defendants.

## Order of Court

Before the Court is defendant Westfield Insurance Company's motion to dismiss CIM's cross-claim against Westfield and motion to strike CIM's amended answer and cross-claim to cross-claim for declaratory judgment filed by Westfield. As to Westfield's motion to dismiss

CIM's cross-claim against Westfield and motion to strike CIM's amended answer and cross-claim to cross-claim for declaratory judgment filed by Westfield (Document No. 59).

In deciding a motion to dismiss pursuant to Fed.R.Civ.P. Rule 12(b)(6), the Court accepts the well-pleaded factual allegations of the complaint [or cross-claim] as true, and draws all reasonable inferences therefrom in favor of the plaintiff. *Armstrong Surgical Center, Inc. v. Armstrong County Memorial Hospital*, 185 F.3d 154, 155 (3d Cir. 1999). A claim should not be dismissed for failure to state a claim unless it appears beyond a doubt that the non-moving party can prove no set of facts in support of its allegations which would entitle it to relief. *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957); *Marshall-Silver Construction Co. v. Mendel*, 894 F.2d 593, 595 (3d Cir. 1990).

In making this determination, the court must construe the pleading in the light most favorable to the non-moving party. *Budinsky v. Pennsylvania Dept. of Environmental Resources*, 819 F.2d 418, 421 (3d Cir. 1987). Further, the Federal Rules of Civil Procedure require notice pleading, not fact pleading, so to withstand a Rule 12(b)(6) motion, the plaintiff "need only make out a claim upon which relief can be granted. If more facts are necessary to resolve or clarify the disputed issues, the parties may avail themselves of the civil discovery mechanisms under the Federal Rules." *Alston v. Parker*, 363 F.3d 229, 233 n.6 (3d Cir. 2004), *quoting Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506, 512 (2002) ("This simplified notice pleading standard relies on liberal discovery rules . . . to define facts and issues and to dispose of unmeritorious claims.").

Viewed in light of the forgoing liberal pleading standards, this Court simply cannot say, at this early stage of the proceedings, that CIM will be able to state no set of facts in support of its cross-claim against Westfield on its cross-claim against CIM.

On the motion to strike, the Court agrees with CIM's response and will deny said motion.

Accordingly, Westfield's motion to dismiss CIM's cross-claim against Westfield and motion to strike CIM's amended answer and cross-claim to cross-claim for declaratory judgment filed by Westfield Insurance Co. (Document No. 59) is **DENIED**.

s/ Arthur J. Schwab  
Arthur J. Schwab  
United States District Judge

cc: All counsel of record as listed below

Thomas M. Parker, Esquire  
Andrew T. Hayes, Esquire  
Parker, Keiby, Hanna & Rasnick  
388 S. Main Street, Suite 402  
Akron, OH 44311

Michael J. Sweeney, Esquire  
Christopher D. Stofko, Esquire  
Dickie, McCamey & Chilcote, P.C.  
Two PPG Place, Suite 400  
Pittsburgh, PA 15222-5402

Christopher T. Yoskosky, Esquire  
Dara A. DeCourcy, Esquire  
Raymond H. Conaway, Esquire  
Zimmer Kunz  
600 Grant Street  
3300 USX Tower  
Pittsburgh, PA 15219

Richard F. Andracki, Esquire  
Andracki Law Offices  
428 Forbes Avenue  
1801 Lawyers Building  
Pittsburgh, PA 15222-1922

Mark R. Lane, Esquire  
Dell, Moser, Lane & Loughney  
525 William Penn Place, Suite 3700  
Pittsburgh, PA 15219-1707

Alan T. Silko, Esquire
Levicoff, Silko & Deemer
650 Smithfield Street
Suite 1900
Pittsburgh, PA 15222-3911