IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

PPG INDUSTRIES, INC.,
    Plaintiff,                             05cv1193

v.                              **Electronically Filed**

CENTRAL INDUSTRIAL
MAINTENANCE, INC., et al.
    Defendants.
_____

WESTFIELD INSURANCE COMPANY,
    Counter/ Cross Claims Plaintiff,

v.

PPG INDUSTRIES, INC., and
CENTRAL INDUSTRIAL
MAINTENANCE, INC.,
    Counter/ Cross Claims Defendants
_____

CENTRAL INDUSTRIAL MAINTENANCE, INC. ,
    Third Party Plaintiff

v.

ACORDIA OF WEST VIRGINIA, INC.
a West Virginia Corporation,
ACORDIA OF WEST VIRGINIA, INC.
*doing business as* ACORDIA SPECIALTY,
ACORDIA OF WEST VIRGINIA, INC. ,
*doing business as* ACORDIA MID-ATLANTIC SPECIALTY,
ZURICH AMERICAN INSURANCE COMPANY, and
RINE AGENCY, INC.,
    Third Party Defendants.

**MEMORANDUM OPINION AND ORDER OF COURT GRANTING
PPG'S MOTION FOR PARTIAL SUMMARY JUDGMENT (DOC. NO. 140)**

After consideration of Plaintiff PPG Industries, Inc.'s Motion for Partial Summary

Judgment (doc. no. 140), and Defendants Central Industrial Maintenance, Inc. and Westfield

Insurance Co., et al.'s Memorandum in Opposition to PPG Industries, Inc.'s Motion for Partial Summary Judgement (doc. no. 149), the Court will grant the motion for partial summary judgment because there is no genuine issue of material fact, and under the applicable law, PPG Industries, Inc. ("PPG") is entitled to judgment as a matter of law on the issue of Central Industrial Maintenance Inc.'s ("CIM's") liability to indemnify PPG, based on the express agreement for indemnification, and on the issue of the reasonableness of PPG's action in settling the underlying action (the Coburn case).

### A. Summary Judgment Standard

Rule 56(c) of the Federal Rules of Civil Procedure provides:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.

The moving party has the burden of establishing that there is no genuine issue as to any material fact. See Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548 (1986). Once the moving party has met this burden, the burden then shifts to the nonmoving party to produce sufficient evidence for a jury to return a verdict for that party. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986).

PPG is entitled to summary judgment since the indemnification agreement at issue is plain and unambiguous, and the indemnitor was adequately notified of the indemnity claim under the terms of that agreement. See, e.g. Vankirk v. Green Const. Co., 195 W.Va. 714, 466 S.E.2d

782 (1995); Valloric v. Dravo Corp., 178 W.Va. 14, 357 S.E.2d 207 (1987); Charter Communications VI, LLC v. Eleaser, 412 F. Supp.2d 588 (S.D. W.Va. 2006). Express indemnity agreements are governed by contract principles, and "[i]n construing the language of an express indemnity contract, the ordinary rules of contract construction apply." Martin v. Norfolk Southern Ry. Co., 2006 WL 890306 (S.D. W.Va. 2006), citing Vankirk, supra at Syllabus Pt. 4, and Valloric, supra at Syllabus Pt. 1. As with other types of contracts, full effect must be given to the plain meaning of an express indemnity contract's terms. Martin, 2006 WL 890306 at *2, citing Nisbet v. Watson, 162 W.Va. 522, 251 S.E.2d 774, 780 (1979).

The West Virginia[1] Supreme Court of Appeals generally describes a modified burden of proof for an indemnification claim as follows:

> [W]here the party having a duty to indemnify has been notified or been made a party to the underlying proceedings and given an opportunity to participate in its settlement negotiations, courts have concluded that the defendant-indemnitee should not be required to prove the plaintiff's actual ability to recover the amount paid in the settlement. It is sufficient if the defendant-indemnitee proves that he was potentially liable to the plaintiff.

Valloric, 178 W.Va. at 18, 357 SE 2d at 211-12. See also North Carolina Monroe Const. Co. v. BWB North Carolina Monroe Const. Co. v. BWB Associates, Inc., 873 F.2d 1440, at *4 (4th Cir. 1989) (it is necessary that indemnitor have had notice of its potential liability, and that the amount of the settlement be reasonable, citing Valloric). The West Virginia Supreme Court of Appeals explained in Valloric: "This position is based on a legal policy that encourages settlements. This policy would not be promoted if a party who has a right to be indemnified

---

[1] This Court previously held that "West Virginia law must be the choice to supply the prima facie standard of proof for an indemnification action." PPG Industries, Inc. v. Central Industrial Maintenance, Inc., 2006 WL 752982, at *7 (W.D.PA. 2006)

settles the case on a good-faith basis and then is required to prove actual liability." Id., 178 W.Va. at 18-19, 357 S.E.2d at 212.  See also State ex rel. Evans v. Robinson, 197 W.Va. 482, 475 S.E.2d 858 (1996) ("It is clear 'that the policy of the law is to encourage settlements.'").

### B. The Underlying Lawsuit is Within the Scope of the Indemnification Agreement

The West Virginia Supreme Court of Appeals' potential liability standard requires summary judgment in favor of PPG in this case, since it is beyond reasonable dispute that defendant CIM was both a party to the underlying litigation (Coburn) and was informed on numerous occasions of PPG's intent to seek indemnification pursuant to the parties' express indemnification agreement.

As the West Virginia Supreme Court of Appeals stated, the law of West Virginia recognizes that "[i]n most cases, if an indemnitor does not assume control of the indemnitee's defense, he will be held liable for the attorney fees and costs incurred by the indemnitee in the defense of the original action." Harris v. Allstate Ins. Co., 208 W.Va. 359, 362, 540 S.E.2d 576, 579 (2000), quoting State ex rel. Vapor Corp. v. Marick, 173 W.Va. 770, 774-75, 320 S.E.2d 345, 350 (1984).

During the course of performance of their Agreement, PPG requested CIM to provide transportation services to remove hazardous waste from its Natrium Plant to a waste treatment facility of a non-party, Envirite of Ohio, Inc., located in Canton, Ohio.  CIM hired an independent contractor, Emerald Environmental Services, Inc. (Emerald), also a non-party in this suit, to transport the hazardous materials to Envirite's facility.  On November 4, 2002, during the course of his employment with Emerald, Edward Coburn sustained serious chemical burn injuries to his left eye while unloading materials from a truck at the Ohio facility. The Court finds

that the <u>Coburn</u> claim was within the scope of the indemnification agreement.

Mr. Coburn was injured performing work required of defendant CIM under its agreement with PPG and the applicable contract documentation and work orders. CIM agreed to an explicit and very broad indemnity clause that included the terms "claim," "liability," "loss," and "damages." The applicable indemnification clause states as follows:

> **Indemnification:** [Defendant CIM] assumes the risk of all damage, loss, costs and expense, and agrees to indemnify and hold harmless PPG, its officers, agents, and employees from and against any and all liability, damage, loss, cost and expense which may accrue to or be sustained by PPG, its officers, agents or employees, arising out of this Agreement, including for the death of or injury to persons or destruction of property involving [CIM], its employees, agents and representatives, sustained in connection with performance of services hereunder, arising from any cause whatsoever (including without limitation, injuries resulting from failure of or defect in any equipment, instrument or device supplied by PPG or its employees to [CIM], its employees, agents or representatives at the request of [CIM], its employees, agents or representatives) except to the extent arising out of the sole negligence or willful misconduct of PPG or its employees acting within the scope of their employment.

### C. **PPG's Decision to Settle was Reasonable**

PPG faced substantial potential liability in the <u>Coburn</u> case, due to the uncertainties of litigation and due to the severity and permanency of his injury. PPG and Coburn thus entered into a settlement agreement, on June 3, 2006, wherein PPG agreed to pay the Coburns $699,999 in consideration and satisfaction of all of their claims. It is undisputed that Mr. Coburn's claimed medical specials were $39,746, and that he suffered the catastrophic loss of sight in his eye and lost the ability to work as a truck driver as a result. Given the uncertainty of a jury's analysis of, and valuation of, such injuries, and that PPG is a substantial corporate defendant (i.e., one with deep pockets), PPG acted reasonably in resolving the <u>Coburn</u> case for $699,999. PPG's evidence is sufficient to establish that it was "exposed to liability which could reasonably be expected to

lead to an adverse judgment" and that "the amount of the settlement was reasonable." Valloric, 178 W.Va. at 20-21, 357 S.E.2d at 214.[2] CIM has not offered sufficient counter evidence that significantly undermines the reasonableness of PPG's settlement with the Coburns.

### D. The Remaining Factual Issues for Trial on PPG's Claim

As discussed above, the Coburn claim is within the scope of the indemnity agreement, and PPG's conduct in settling the Coburn case was reasonable, as was the settlement amount.

Thus, absent settlement of this portion of the case, or a stipulation as to the amount of the applicable attorney's fees and costs, the upcoming trial will decide the amount of attorney's fees and costs due PPG from both the Coburn lawsuit as well as this case. See Dalton, supra, 189 W.Va. 428 at Syllabus, Pt. 3. The Court also will receive evidence as to the amount of interest on the $699,999, due PPG. See Valloric, 178 W.Va. at 22, 357 S.E.2d at 215-16.

---

[2]The reasonableness of PPG's settlement decision and the settlement amount is supported by publicly available settlement data. According to the Ohio Verdict Reporter, Craig Pelini, the attorney who represented defendant CIM in the Coburn case, earlier settled an eye-loss case in Canton, Ohio (the city where Coburn's injury occurred, which is about 30 miles from the Portage County Court of Common Pleas, where the Coburn case would have been tried) for the sum of $750,000. That settlement was reached in 1999, some six years before Coburn was resolved. See Ohio Verdict Reporter, No. 01-018.

### E. Conclusion

For all the foregoing reasons, this Court will enter partial summary judgment in favor of PPG and against CIM on the issue of its liability under the indemnification agreement, and on the issue of the reasonableness of PPG's action in settling the Coburn case and the settlement amount. An appropriate order will be entered.


      **Date: July 25, 2006.**


                                                           s/ Arthur J. Schwab
                                                          Arthur J. Schwab
                                                          United States District Judge


cc:    All counsel of record as listed below